UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| Highline Exploration, Inc., Nisku Royalty, LP, William R. LaCrosse and Tammy LaCrosse, Empire Oil Company, and Kent M. Lynch,<br><br>Plaintiffs,<br><br>vs.<br><br>QEP Energy Company,<br><br>Defendant. | Court File No.: _____<br><br>**COMPLAINT** |

## PARTIES

[¶1]   Highline Exploration, Inc. ("Highline") is an Alabama corporation with its principal place of business in Tuscaloosa, Alabama. Highline is also registered to do business in North Dakota.

[¶2]   Nisku Royalty LP, ("Nisku") is a Montana Limited Partnership in the oil and gas business with its principal place of business in Billings, Montana.

[¶3]   William R. LaCrosse and Tammy LaCrosse, collectively "LaCrosses" are residents of North Dakota. William R. Lacrosse was the President of Empire Oil Company ("Empire"), a North Dakota corporation with its principal place of business in Williston, North Dakota.

[¶4]   Kent M. Lynch ("Lynch"), an individual, is a resident of the state of North Dakota.

[¶5]   Defendant QEP Energy Company ("QEP") is a Delaware corporation registered to do business in Colorado and North Dakota. QEP's principal place of business is Denver, Colorado.

## JURISDICTION AND VENUE

[¶6]   This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) as complete diversity of citizenship exists. The amount in controversy exceeds $75,000 exclusive of exemplary damages, attorney's fees, interest and costs as provided in 28 U.S.C. § 1332(a).

[¶7]     Venue lies properly in this Court under 28 U.S.C. § 1391(b), because all or a substantial part of the events or omissions giving rise to the claims occurred within this district.

## FACTS

[¶8]     On August 28, 2006, Highline, Nisku, Empire, and Lynch entered into an Agreement to work together to acquire mineral leaseholds within an Area of Mutual Interest ("AMI") in McKenzie County, North Dakota with the idea of selling those leases to a third party for the drilling of wells. The AMI is shown on Exhibit 1 to the Agreement. The AMI was commonly referred to as the South Antelope Prospect.

[¶9]     The Agreement further provided that the parties would share the costs of acquiring and selling the leasehold according to the following interests: Highline 60%, Nisku 20%, Empire 10%, and Lynch 10%.

[¶10]    The parties, among themselves, while contemplating a sale to a third party of the leases being acquired, determined that they would retain an Overriding Royalty Interest ("ORRI").

[¶11]    On October 27, 2006, Highline, Nisku, Empire and Lynch amended their Agreement to expand the AMI for the South Antelope Prospect to include: "All of Township 149 North, Range 95 West and All of Township 150 North, Range 95 West" in McKenzie County, North Dakota.

[¶12]    Highline, Nisku, Empire and Lynch acquired leases in contemplation that they would ultimately sell the leases to a third-party that would develop the leases by drilling wells and putting them into commercial production as the operator of such wells in the AMI.

[¶13]    On November 17, 2006, Helis Oil & Gas Company, L.L.C. ("Helis") submitted an offer to purchase fifty percent (50%) of the leased interests in the South Antelope Prospect, with an option to acquire an additional forty-five percent (45%) of such leased interests. The offer was

accepted by Joe Carlisle for Highline and Frank Haughton for FH Petroleum, the General Partner of Nisku Royalty, LP.

[¶14]   Highline, Nisku, Empire and Lynch entered into a written Acquisition Agreement with Helis on December 28, 2006, whereby Helis acquired 50% of the "Leased Interest" and agreed to perform certain drilling activities. A true and correct copy of the Acquisition Agreement is attached as Exhibit 1. The Acquisition Agreement provided that an 80% net revenue interest would be conveyed with each lease. Helis was also given a 60-day option to purchase another 45% of the "Leased Interest" on the same basis as the initial 50% was acquired.

[¶15]   Paragraph E.3 of the Acquisition Agreement provided: "Paragraph E shall only entitle Helis to its proportionate part of an eighty percent (80%) net revenue interest, with Sellers being entitled to any positive difference between the actual net revenue interest and eighty percent (80%)."

[¶16]   Paragraph G of the Acquisition Agreement provided that it was agreed among the parties that all operations on the property and subsequently acquired interests would be conducted in accordance with the Operating Agreement attached to the Acquisition Agreement as Exhibit C.

[¶17]   The Acquisition Agreement further provided in Paragraph J(1)(a):

> Seller shall execute and deliver or tender to Helis (i) an Assignment of Oil and Gas Leases (the "Record Title Assignment") from Highline, who Sellers have informed Helis, is the holder of record title to the Properties, in substantially the form set forth in the Exhibit "D" attached hereto and made a part hereof (in sufficient counterparts to facilitate recording), and (ii) an Assignment of Oil and Gas Leases (the "Beneficial Interest Assignment") from all other Sellers, in substantially the form set forth in Exhibit "D"-1 attached hereto and made a part hereof, each of which shall contain a warranty of title against all those claiming or to claim the same, by, through or under Sellers, but not otherwise, and it shall include an eighty percent (80%) net revenue interest in the Oil and Gas Properties. The Record Title Assignment and the Beneficial Interest Assignment are herein sometimes collectively called the "Assignments").

[¶18] By an Assignment effective March 6, 2007, Highline assigned certain interests under an Assignment of Oil and Gas Leases to the working interest owners in accordance with the Acquisition Agreement. The Assignment of Oil and Gas Leases was recorded with the County Recorder for McKenzie County as Document No. 368664. A true and correct copy of the Assignment of Oil and Gas Leases, Document No. 368664, is attached hereto as Exhibit 2.

[¶19] The Assignment specifically reserved an ORRI as follows:

> Assignor specifically excludes from this conveyance an overriding royalty interest ("ORRI") equal to the difference between existing burdens and twenty percent (20%) in and to the Leases described on Exhibit "A" . . . . It is the intention of the Assignor to deliver eighty percent (80%) NRI under the Leases.

[¶20] Highline, Empire and Helis completed additional lease assignments containing the same language making reference to a reservation of an ORRI that is the subject of this Complaint.

[¶21] Highline assigned a percentage of its ORRI reserved in the Assignment of Oil and Gas Leases effective March 6, 2007 recorded as Document No. 368664 to William R. LaCrosse and Tammy LaCrosse, Lynch, Highline, and Nisku by an Assignment of Overriding Royalty executed September 10, 2007, and recorded with the County Recorder for McKenzie County as Document No. 373288. A true and correct copy of the Assignment of Overriding Royalty, Doc. No. 373288, is attached hereto as Exhibit 3. The Assignment of Overriding Royalty Interest transferred the ORRI to the oil and gas leases in the following pro rata share: Highline 60%; Nisku 20%; William R. LaCrosse and Tammy LaCrosse, husband and wife, with right of survivorship 10%; and Kent M. Lynch 10%.

[¶22] The Assignment of ORRI dated September 10, 2007 recorded as Document No. 373288 contained the following language:

> Said Overriding Royalty interest shall be free and clear of all costs and expenses whatsoever of exploring, developing, and operating said property,

4

except ad valorem taxes, gross production taxes, severance taxes, and other taxes levied upon such overriding royalty or the production attributable thereto.

[¶23] Additional leases with the identical language described in Paragraph 19 were assigned to Helis as described in the Acquisition Agreement, and each of those Assignments of Oil and Gas Leases were subject to prior Assignments of ORRI that contained the following language: "Further, said overriding royalty interest is to be free and clear of all costs and expenses of development and operation."

[¶24] Helis ultimately drilled and operated thirty-seven (37) wells in the South Antelope Prospect AMI as part of its exploration and development plan. Throughout the period of time Helis operated these wells, Helis only deducted taxes from the ORRI paid to Highline, Nisku, the LaCrosses and Lynch.

[¶25] Upon information and belief, in 2012 QEP Energy Company negotiated with Helis to acquire and transfer Helis' interest in the South Antelope Prospect AMI.

[¶26] Assignments and Bills of Sale effective July 1, 2012, were executed between Highline, Nisku, Empire and Lynch, and QEP. It was at this time that Helis and the other owners of the prospect sold their working interests to QEP. QEP then took over as the operator.

[¶27] After QEP took over as the operator, its first payment to Highline, Nisku, the LaCrosses and Lynch showed only deductions for taxes.

[¶28] After the initial payment, QEP began and has continued to take additional unauthorized deductions against the royalties owned by Highline, Nisku, the LaCrosses and Lynch.

[¶29] By letter of December 11, 2018, Highline made demand upon QEP to return the unauthorized deductions taken from Highline attaching a summary of the wrongful deductions taken.

[¶30] QEP responded on February 7, 2019 indicating that it would continue to take the unauthorized deductions.

[¶31] QEP has wrongfully taken unauthorized post-production deductions and has failed to reimburse Plaintiffs for the unauthorized deductions despite demand.

### COUNT ONE: BREACH OF CONTRACT

[¶32] All prior allegations of the Complaint are hereby incorporated as if fully set forth herein.

[¶33] Defendant has breached the Agreements and Assignments by applying unauthorized post-production deductions to payments made to the Plaintiffs for their overriding royalty interests.

[¶34] As a result of Defendant's breach, Plaintiffs have incurred damages in an amount not yet determined, but in excess of the jurisdictional limits of this Court.

### COUNT TWO: UNJUST ENRICHMENT

[¶35] All prior allegations of the Complaint are hereby incorporated as if fully set forth herein.

[¶36] Defendant's failure to properly pay Plaintiffs all amounts due for their overriding royalty interests have resulted in an unjust enrichment of the Defendant.

[¶37] The unjust enrichment of the Defendant has been at the expense of and detriment to the Plaintiffs.

[¶38] Plaintiffs are entitled to restitution from Defendant for the fair and reasonable value of the under-payment of the proceeds attributable to their overriding royalty interest.

### COUNT THREE: CONVERSION

[¶39] All prior allegations of the Complaint are hereby incorporated as if fully set forth herein.

[¶40] Defendant's actions constitute conversion by the taking, wrongful deprivation, and continued retention of royalty payments properly due to the Plaintiffs.

[¶41] Plaintiffs are entitled to and demand a return of the withheld royalty payments including all amounts withheld by Defendant without authorization plus interest as allowed by law.

### COUNT FOUR: ACCOUNTING

[¶42] All prior allegations of the Complaint are hereby incorporated as if fully set forth herein.

[¶43] Plaintiffs are entitled to and demand an accounting from Defendant setting forth all amounts withheld from any overriding royalty payment issued to Plaintiffs.

### COUNT FIVE: INTEREST AND ATTORNEY'S FEES

[¶44] All prior allegations of the Complaint are hereby incorporated as if fully set forth herein.

[¶45] QEP as the operator of the oil and gas wells located in the subject prospect area is obligated to pay royalties in accordance with N.D.C.C. § 47-16-39.1.

[¶46] Defendant has failed to pay proper royalties to Plaintiffs within the time allowed by N.D.C.C. § 47-16-39.1. Therefore, Plaintiffs are entitled to recover from Defendant interest on the unpaid royalties at the rate of eighteen percent per annum as well as any court costs and reasonable attorney's fees.

### COUNT SIX: DECLARATORY JUDGMENT

[¶47] All prior allegations of the Complaint are hereby incorporated as if fully set forth herein.

[¶48] The ORRI owned by Highline, Nisku, the LaCrosses and Lynch were to be free and clear of all costs and expenses except certain taxes as provided in the Assignment of Overriding Royalty.

[¶49] QEP at first abided by the language that required the ORRI to be free and clear of all costs and expenses but later began deducting post-production expenses before paying the royalties.

[¶50] The Court should declare the rights of Highline, Nisku, the LaCrosses and Lynch and determine that all ORRIs payments made to the Plaintiffs must be free and clear of any and all costs and expenses of exploring, developing, and operating except certain taxes as identified in the Assignments of Overriding Royalty.

[¶51] **WHEREFORE**, Plaintiffs pray for judgment against the Defendant as follows:

  a. For all damages incurred as a result of the failure to pay proper overriding royalty interests to Plaintiffs;

  b. For an accounting to establish the amount of royalty payments properly due Plaintiffs;

  c. For statutory interest and reasonable attorney's fees on all unpaid royalties pursuant to N.D.C.C. § 47-16-39.1;

  d. For such other and further relief the Court deems just and equitable.

Dated this 3rd day of July, 2019.

*Ronald H. McLean*

Ronald H. McLean (ND #03260)
Kasey D. McNary (ND #06590)
SERKLAND LAW FIRM
10 Roberts St. N. | PO Box 6017
Fargo, ND 58108-6017
Phone: (701) 232-8957
Fax: (701) 237-4049
rmclean@serklandlaw.com
kmcnary@serklandlaw.com
ATTORNEYS FOR PLAINTIFFS

8